IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAM H. HAMWI,
               Plaintiff,

   Vs.                                                            No. 08-4151-SAC

DEN-TEX CENTRAL, INC.
d/b/a Denny's Restaurant,

               Defendant.

MEMORANDUM AND ORDER

This is an employment discrimination case based on claims of national origin and ancestry discrimination brought under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1981; and the Kansas Act Against Discrimination, ("KAAD"), K.S.A. 44-1001 *et seq*. The plaintiff, Sam H. Hamwi, was born in Syria, and the defendant, Den-Tex Central, Inc., hired him in February of 2006 to work at its Denny's Restaurant on Wanamaker Street in Topeka, Kansas. The plaintiff was an assistant manager at this restaurant when his employment terminated in January of 2007.

In advance of the trial, the parties have filed the following pretrial motions: the plaintiff's motion in limine (Dk. 32) and the defendant's response (Dk. 34); the defendant's motion in limine (Dk. 29) and the

plaintiff's response (Dk. 36); the defendant's objection to plaintiff's witness and exhibit list (Dk. 30) and the plaintiff's response (Dk. 37). The court will address the motions in that order.

**MOTION IN LIMINE STANDARDS**

A motion in limine gives a court the chance "'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1401 (D. Md.1987)); *see also United States v. Cline*, 188 F.Supp.2d 1287, 1291-1292 (D. Kan. 2002), *aff'd*, 349 F.3d 1276 (10th Cir. 2003) . Though such rulings can save time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence. Thus, the in limine exclusion of evidence should be reserved for those instances when the evidence plainly is "inadmissible on all potential grounds." *Townsend v. Benya*, 287 F.Supp.2d 868, 872 (N.D.Ill.2003). The better judicial practice is to defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed. *See Sperberg v. Goodyear Tire & Rubber*

*Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975).

A trial court may alter its limine ruling based on developments at trial or on its own sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41 (1984). Some in limine rulings, like those involving Rule 403, "are necessarily preliminary because the required balancing may be reassessed as the evidence actually comes in." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (citing *United States v. Mejia -Alarcon*, 995 F.2d 982, 987 n. 2 (10th Cir.), *cert. denied*, 510 U.S. 927 (1993)). "A district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *Martinez*, 76 F.3d at 1152 (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

**PLAINTIFF'S MOTION IN LIMINE (Dk. 32)**

The plaintiff seeks an order to keep the defendant's counsel or witnesses from offering, mentioning or presenting before the jury: (1) evidence of the Kansas Human Right Commission's ("KHRC's") determination of no probable cause; (2) any mention or reference to anything related to the unconfirmed allegation of sexual harassment against the plaintiff in October 2006 and any action taken or allegedly taken by the defendant in relation to this allegation; and (3) any mention or

3

reference to prior or pending litigation by the plaintiff against any third party. The plaintiff argues the KHRC findings are not made from a complete record, are not binding on the jury, and are being offered only to unduly influence the jury's perception and weighing of the evidence. The plaintiff argues that the unconfirmed allegations against him of sexual harassment lack relevance and any potential probative value is far outweighed by the unfair prejudice to him. The plaintiff insists any reference to prior or pending litigation against third parties would have no relevance here.

      The defendant responds summarily arguing the KHRC findings are "highly probative evidence" and that the trial court has discretion to admit them. On the allegations of sexual harassment against the plaintiff, the defendant argues this evidence will be offered to show it may have terminated the plaintiff regardless of his voluntary abandonment because of this prior instance of sexual harassment for which he was warned and because of the alleged second instance of sexual misconduct occurring on the day in question. The defendant does not oppose the plaintiff's request to exclude evidence of other lawsuits filed by the plaintiff.

      The court sustains the plaintiff's motion to exclude evidence of

the KHRC findings. Typically such findings are not even considered for admissibility absent a reason to believe in their trustworthiness and reliability based on an adequately developed administrative record. *See Denny v. Hutchison Sales Corp.*, 649 F.2d 816, 821 (10th Cir. 1981). Even assuming that here, the court in its discretion follows the more persuasive precedent and excludes these findings as they could confuse the jury by forcing them to evaluate the KHRC's investigatory procedures and findings, they are not shown to involve any relevant evidentiary material that could not be presented at trial, and they seem to be offered only "to suggest to the jury that it should reach the same conclusion" as the KHRC. *See Hall v. Western Production Co.*, 988 F.2d 1050, 1057-1058 (10th Cir. 1993); *Denny*, 649 F.2d at 822; *Ram v. New Mexico Dept. of Environment*, 2006 WL 4079622, at *2-*3 (D.N.M. 2006).

Based on the arguments advanced by the in limine pleadings, the court overrules the motion to exclude mention or reference to anything related to the unconfirmed allegation of sexual harassment against the plaintiff in October 2006 and to the any action taken by the defendant based on those allegations. The defendant indicates it will pursue a defense based on the plaintiff's job performance including repeated acts of

5

sexual misconduct, and these allegations and the defendant's disciplinary actions appear to be relevant to this defense. The motion is denied on this ground.

The defendant concurs with the plaintiff's request to exclude evidence of other lawsuits filed by the plaintiff. The court grants this request.

**DEFENDANT'S MOTION IN LIMINE (Dk. 29).**

The defendant seeks to exclude any witness's remark, statement, reference, evidence on the following ten different subjects or areas. The plaintiff agrees to the following exclusions: the defendant having or not having liability insurance, the parties' involvement in or details of any settlement discussions, the defendant counsel's discovery objections, and the plaintiff's use of expert witnesses. The court will address the remaining areas below.

The defendant summarily seeks to exclude evidence that the plaintiff's wife is a Christian, because she is not a party or witness and her religious belief is not relevant to any issue. The plaintiff responds that the same may be relevant in that his religious beliefs and those of the defendant's management level employees impacted their work

6

performance. The plaintiff's response fails to address the relevance of his wife's religious beliefs which is the subject of the defendant's motion. The court sustains the defendant's motion subject to reconsideration at trial should the plaintiff first approach the bench and make the necessary showings pursuant to Rules 401, 402 and 403.

The defendant concedes that evidence of its financial wealth is relevant to the plaintiff's claim for punitive damages, but it seeks to keep this evidence from being presented until there is an instruction on punitive damages. The defendant does not tender what procedure it contemplates as consistent with its position. The plaintiff's response does not argue the standard for punitive damages or proffer any evidence in that regard. The court does not intend to bifurcate the proceedings, but it will not permit the defendant's wealth to be mentioned in opening statements and the plaintiff shall not attempt to introduce this evidence without first coming to the bench and making a showing that he will be entitled to a punitive damages instruction.

The defendant seeks to exclude evidence of the following: its employees stole cash or food from work; its employees used, purchased or possessed illegal drugs or narcotics; Barry Aboras allegedly hired or

7

attempted to hire an employee to buy illegal drugs and place those drugs in his ex-wife's car so as to put in her a bad light and gain custody of his children; and allegations of sexual impropriety, sexual harassment or a sexually charged environment at the restaurant or any allegation that Denny's employees took underage employees to strip clubs.  The defendant argues this evidence is not relevant to any pending claims, and any probative value would be substantially outweighed by the danger of unfair prejudice.  The plaintiff gives the cursory response that this evidence is necessary to defend himself from attacks by these same employees whom he supervised or by managers with whom he served.

   The vagueness of the plaintiff's response leaves the court with some concerns.  While the plaintiff is suggesting that the misconduct of the others motivated their attacks against him, there are some necessary links and details in this argument that have not been set forth in the plaintiff's brief.  The court will take the defendant's motion regarding this evidence under advisement.  Before the plaintiff offers any evidence or makes any reference to this evidence, counsel will approach the bench and address its admissibility.

   Finally, the defendant appears to be arguing that the plaintiff is

foreclosed from pursuing a claim for future lost wages, as he has failed to identify an expert witness to testify on this matter. The defendant does not cite any legal authority for its position. The plaintiff is not denied the opportunity to present sufficient competent evidence of lost future wages.

**DEFENDANT'S OBJECTION TO PLAINTIFF'S WITNESS AND EXHIBIT LIST (Dk. 30)**

The defendant objects to the following persons appearing as witnesses since the plaintiff failed to identify them in his initial Rule 26 disclosure and they were not "identified in any subsequent discovery": David Ames, Nathan Sheef, Amanda Vega, Adam Brown, and Liz Robinson. The plaintiff responds that his initial disclosure listed as witnesses those "identified unknown named employees of Denny's during the last year of his employment." (Dk. 37, p. 1). The plaintiff also notes that during his deposition he was questioned about what the following witnesses knew regarding his claims: David Ames, Nathan Sheef, and Amanda Vega.

Other than its general objection, the defendant's motion does not cite or address any relevant legal principles. The same can be said of the plaintiff's filing. The general rule is:

If a party fails to provide information or identify a witness as required

9

> by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> **(B)** may inform the jury of the party's failure; and
> **(C)** may impose other appropriate sanctions, including any of the orders listed in RUle 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). The district court has broad discretion to decide if a Rule 26(a) violation is justified or is harmless. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir.), *cert. denied*, 537 U.S. 1066 (2002). Though explicit findings on justification or harmlessness are not required, a court should evaluate four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citations omitted).

A party's ability to order its discovery and select its witnesses for deposition is prejudiced by another party's failure to make sufficient Rule 26(a)(1) disclosures. *Sender v. Mann*, 225 F.R.D. 645, 656 (D.Colo. 2004). That the other side may have known the identity of a possible

witness "is no substitute for compliance with Rule 26." *Mehus v. Emporia State University*, 326 F. Supp. 2d 1213, 1219 (D. Kan. 2004). A court, however, may treat the failure to disclose witness information as harmless "if the other party was well aware of the identity of the undisclosed witness and the scope of their relevant knowledge well before trial." 6 Moore's Federal Practice § 26.27[2][d] at 26-94 (3rd ed. 2005) (citations omitted). A party has a duty to supplement or correct a disclosure unless the additional or corrective information was otherwise "made known to the parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Accepting the plaintiff's representation that the defendant questioned the plaintiff in his deposition about the witnesses David Ames, Nathan Sheef, and Amanda Vega and their knowledge of his claims, the defendant has not shown a violation of Rule 26(e). The plaintiff's response, however, does not address his named witnesses of Adam Brown and Liz Robinson and does not offer any showing under Rule 37. In these circumstances, the general rule is:

> Unless a party shows that failure to comply with Rule 26(a) or 26(e)(1) or (2) was substantially justified or harmless, the Court must exclude the undisclosed evidence at trial. *See* Fed. R. Civ. P. 37(c)(1); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998); *Cuenca v. Univ. of Kan.*, No. 98-4180-SAC, 2001 WL 789404, at *3 (D. Kan. May 14, 2001) (exclusion automatic and

11

> mandatory unless violation of Rule 26(a) justified or harmless); *Hirpa v. IHC Hosps., Inc.*, 149 F. Supp. 2d 1289, 1294-95 (D. Kan. 2001) (burden to show substantial justification or harmlessness on party who failed to make required disclosure). The failure to disclose is harmless when the party entitled to disclosure is not prejudiced. *Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004) (citation omitted).

*Continental Coal, Inc. v. Cunningham*, 2008 WL 1943954, 5 (D.Kan.) (D. Kan. 2008). The court will grant the defendant's objections to the plaintiff's witnesses of Adam Brown and Liz Robinson absent a justifiable ground for reconsideration.

The court summarily overrules the defendant's objection to the plaintiff's exhibit list. According to the plaintiff, his only trial exhibit is a surveillance video which he represents was disclosed in a prior Rule 26(a) disclosure and which a copy of the same was offered to counsel at the plaintiff's deposition. Accepting the plaintiff's representations, the defendant has not shown a Rule 26 violation that would trigger a Rule 37 sanction.

IT IS THEREFORE ORDERED that the plaintiff's motion in limine (Dk. 32) is granted as to evidence of the KHRC's determination and the plaintiff's other lawsuits and overruled as to allegations of sexual harassment against the plaintiff in October of 2006 and the defendant's

disciplinary actions taken against him;

IT IS FURTHER ORDERED that the defendant's motion in limine (Dk. 29) is granted as uncontested as to the following: the defendant having or not having liability insurance, the parties' involvement in or details of any settlement discussions, the defendant counsel's discovery objections and plaintiff's use of expert witnesses; is sustained as to evidence of plaintiff's wife's Christian faith subject to reconsideration at trial; is overruled as to evidence of the defendant's financial wealth subject to the conditions stated above; is taken under advisement as to evidence of misconduct by other employees and managers subject to the conditions stated above; and is overruled as to plaintiff's opportunity to present sufficient competent evidence of lost future wages;

IT IS FURTHER ORDERED that the defendant's objection to plaintiff's witness and exhibit list is granted as to the named witnesses of Adam Brown and Liz Robinson and is denied in all other respects.

Dated this 28th day of September, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge